UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF REVERE, Individually and on behalf of all others similarly situated,<br><br>              *Plaintiff*,<br><br>   v.<br><br>AIP, LLC, AMERICAN INDUSTRIAL PARTNERS CAPITAL FUND IV, LP, AMERICAN INDUSTRIAL PARTNERS CAPITAL FUND IV (PARALLEL), LP, AIP/CHC HOLDINGS, LLC, OSHKOSH CORPORATION, PIERCE MANUFACTURING, INC., REV GROUP, INC., ROSENBAUER AMERICA LLC, FIRE APPARATUS MANUFACTURERS' ASSOCIATION,<br><br>              *Defendants*. | Case No. 1:25-cv-13462-AK |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
EMERGENCY MOTION FOR A STAY**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

I. The Court Should Stay Proceedings Pending Resolution of Defendants' MDL Motion ............. 2

    A. Judicial Economy Favors a Stay ................................................................................. 3

    B. Defendants Will Face Hardship Without a Stay ......................................................... 4

    C. A Stay Will Not Prejudice Plaintiff ............................................................................. 5

CONCLUSION ................................................................................................................................ 8

## **TABLE OF AUTHORITIES**

**Cases**                                                             **Page(s)**

*Ali v. 7-Eleven, Inc.*,
　2022 WL 713665 (S.D. Fla. Mar. 10, 2022)..................................................................7

*Alves v. Prospect Mortgage, LLC*,
　2013 WL 5755465 (D. Mass. Oct. 22, 2013)..........................................................3, 6, 7

*Armstrong v. LaSalle Bank National Association*,
　552 F.3d 613 (7th Cir. 2009) .......................................................................................4

*Bonenfant v. R.J. Reynolds Tobacco Co.*,
　2007 WL 2409980 (S.D. Fla. July 31, 2007)..................................................................2

*Good v. Altria Group, Inc.*,
　624 F. Supp. 2d 132 (D. Me. 2009) ..............................................................................2

*Gray v. Target Corp.*,
　2014 WL 12600138 (S.D. Fla. Jan. 27, 2014) ...........................................................3, 6

*Kline v. Earl Stewart Holdings, LLC*,
　2010 WL 3432824 (S.D. Fla. Aug. 30, 2010)................................................................7

*Litchfield Co., LLC v. BP, P.L.C.*,
　2010 WL 2802498 (D.S.C. July 14, 2010) ....................................................................6

*Melendez v. BP Oil Co., USA*,
　2005 WL 3098353 (S.D. Tex. Nov. 18, 2005) ..............................................................7

*Microfinancial, Inc. v. Premier Holidays Internatioinal, Inc.*,
　385 F.3d 72 (1st Cir. 2004)...........................................................................................2

*Outek Caribbean Distrubtors, Inc. v. Echo, Inc.*,
　206 F. Supp. 2d 263 (D.P.R. 2002)...............................................................................7

*Premera Blue Cross v. Change Healthcare, Inc.*,
　2025 WL 2675770 (W.D. Wash. June 3, 2025)..........................................................4, 5

*Rivers v. Walt Disney Co.*,
　980 F. Supp. 1358 (C.D. Cal. 1997) .............................................................................3

*Short v. Hyundai Motor America Inc.*,
　2019 WL 3067251 (W.D. Wash. July 12, 2019) ....................................................3, 5, 8

*Stuart v. DaimlerChrysler Corp.*,
　2008 WL 11388470 (E.D. Cal. Dec. 23, 2008) ............................................................4

*Toikach v. Christian Dior, Inc.*,
    2025 U.S. Dist. LEXIS 227088 (S.D.N.Y. Nov. 13, 2025) ...........................................................6

**Statutes**

28 U.S.C. §§ 1407 ..............................................................................................................4, 7

**Other Authorities**

Karen Caldwell, *Inside the JPML*, Judicature (2024) ........................................................6

*Panel Promotes Just and Efficient Conduct of Litigation*, The Third Branch:
    Newsletter of the Federal Courts (Feb. 2010) ...............................................................6

Defendants Oshkosh Corporation, Pierce Manufacturing, Inc., REV Group, Inc., Rosenbauer America, LLC, AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, AIP/CHC Holdings, LLC, and Fire Apparatus Manufacturers' Association (collectively, "Defendants") respectfully move to stay proceedings pending resolution of the Defendants' pending motion for consolidation before the Judicial Panel on Multidistrict Litigation ("JPML").

## INTRODUCTION

Defendants filed a motion with the JPML on January 15, 2026, to centralize a dozen cases with nearly identical claims pending in this District and others ("Pending Actions")[1] for consolidated pretrial proceedings in the Northern District of Illinois ("MDL Motion"). Defendants anticipate that the MDL Motion will be heard during the JPML's March 26, 2026 session, and decided shortly thereafter. Defendants' deadline to respond to Plaintiff City of Revere's ("Plaintiff") Complaint is currently set for February 9, 2026. ECF No. 29. The Court should stay that deadline and further proceedings in this case pending a decision on the MDL Motion. Plaintiff has made clear that it will file a consolidated amended complaint if its case is

---

[1] *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252-BBC (E.D. Wis. filed Aug. 20, 2025); *City of Augusta v. Oshkosh Corp., et al.*, No. 1:25-cv-01543-BBC (E.D. Wis. filed Oct. 7, 2025) (the "Augusta Action"); *The Newstead Fire Co., Inc. v. Oshkosh Corp., et al.*, No. 1:25-cv-01693-BBC (E.D. Wis. filed Oct. 31, 2025); *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717-BBC (E.D. Wis. filed Nov. 4, 2025); *City of Philadelphia v. Oshkosh Corp., et al.*, No. 1:25-cv-01801-BBC (E.D. Wis. filed Nov. 14, 2025); *City of Chelsea v. Fire Apparatus Manufacturers' Association, et al.*, No. 1:25-cv-13643-AK (D. Mass. filed Dec. 2, 2025) (the "Chelsea Action"); *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al.*, No. 2:25-cv-18312-MEF-CF (D.N.J. filed Dec. 9, 2025) (the "Roseland Action"); *City of Ann Arbor v. Oshkosh Corp., et al.*, No. 1:25-cv-01973-BBC (E.D. Wis. filed Dec. 16, 2025); *City of Liberty v. Oshkosh Corp., et al.*, No. 1:25-cv-02002-BBC (E.D. Wis. filed Dec. 19, 2025); *City of Arcadia v. American Industrial Partners LLC, et al.*, No. 1:25-cv-02005-BBC (E.D. Wis. filed Dec. 22, 2025); *Commack Fire District v. Oshkosh Corp., et al.*, No. 1:25-02013-BBC (E.D. Wis. filed Dec. 22, 2025).

1

consolidated with other Pending Actions in other districts. Plaintiff would likewise need to file a consolidated amended complaint if the JPML grants the MDL Motion. Requiring Defendants to respond to Plaintiff's existing Complaint by February 9, 2026, would therefore waste judicial and party resources and staying that deadline would cause no prejudice to Plaintiff. Accordingly, the Court should stay all proceedings, including, at a minimum, Defendants' deadlines to respond to the Complaint and any discovery deadlines, until Defendants' MDL Motion is decided. Defendants file this motion on an emergency basis given the impending deadline to respond to the Complaint. Without emergency treatment, Plaintiff's response to the motion will not be due until February 10, 2026, under Local Rule 7.1(b)(2), a day after the current deadline to respond.[2]

## ARGUMENT

### I. The Court Should Stay Proceedings Pending Resolution of Defendants' MDL Motion

Federal courts "possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). Consistent with this authority, courts "frequently grant stays pending a decision by the [JPMDL] regarding whether to transfer a case." *Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (alteration in original); *see also, e.g.*, *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").

"In deciding whether to grant a stay pending the outcome of Defendant's motion before

---

[2] Defendants contacted Plaintiff regarding its position on this motion on January 21, 2026, shortly after filing their MDL Motion, but did not complete the meet and confer process until January 26, with Plaintiff refusing to discuss its position before filing its reply in support of its motion to transfer.

the JPML, this court must consider: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Alves v. Prospect Mortg., LLC*, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013) (internal quotations omitted). Here, all factors weigh in favor of a stay.

      A.      **Judicial Economy Favors a Stay**

Absent a stay, this Court "may well waste time and expense on matters that will then be duplicated by the transferee court." *Alves*, 2013 WL 5755465, at *3. Conserving judicial resources is the "most important factor" when considering a motion to stay pending a decision to transfer by the JPML. *Short v. Hyundai Motor Am. Inc.*, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019). Courts routinely find it "appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also, e.g.*, *Gray v. Target Corp.*, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014) ("The Court concludes that it would be a waste of judicial resources to proceed with the instant matter when the JPML is considering . . . consolidation."). That is true here.

Staying the case now will prevent the Court from devoting resources to a motion to dismiss that will soon be moot. *Plaintiff* no longer wants to litigate in this District and has moved to transfer its case to the Eastern District of Wisconsin for consolidation with the other pending Actions in that District. ECF No. 93. Plaintiff intends to file a consolidated amended complaint if this case is transferred. *See* Augusta Action, ECF No. 52, at 6 ("Plaintiffs from all of the direct purchaser actions intend to promptly file a consolidated complaint in this District.").[3] Plaintiff

---

[3] Plaintiff's counsel signed onto the brief to appoint themselves as co-lead counsel in the Eastern District of Wisconsin actions as part of an "agree[ment] to consolidate their actions . . . by way of transfer or otherwise." Augusta Action, ECF No. 52, at 2–3, 10.

will likewise need to file a new complaint if the JPML grants Defendants' MDL Motion for similar reasons. *See Armstrong v. LaSalle Bank Nat. Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009) ("As is common in such circumstances, the district court ordered the plaintiffs in the cases transferred by the Panel to file consolidated complaints."). Any judicial effort towards resolving the anticipated motion to dismiss will therefore be wasted if this case is transferred pursuant to Defendants' MDL Motion or Plaintiff's own motion to transfer. *See Stuart v. DaimlerChrysler Corp.*, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008) (granting motion to stay because "[i]f the MDL transfer is granted," the court's consideration of defendant's motion to dismiss "may be wasted effort"); *Premera Blue Cross v. Change Healthcare, Inc.*, 2025 WL 2675770, at *4 (W.D. Wash. June 3, 2025) (holding that judicial economy favored a stay "to delay ruling on any upcoming motions to dismiss until the MDL transfer dispute has been resolved").

The parties are already in agreement that pretrial proceedings in the Pending Actions should be heard by the same court. *See* ECF No. 93, at 6–7; ECF No. 101, at 1. The only disagreement concerns *how* to consolidate the litigation. As a result, this case will start from the beginning once transferred to another district for consolidation, and any responsive pleading, case management efforts, or motion practice undertaken here will need to be redone in the transferee court, whether transfer occurs under 28 U.S.C. §§ 1407 or 1404(a). Any effort by this Court pending resolution of *either* transfer motion would therefore be entirely wasteful. Preserving the status quo while that issue is resolved will conserve judicial resources. Judicial economy thus strongly favors staying this action pending the JPML's decision.

**B.     Defendants Will Face Hardship Without a Stay**

A stay is essential because Defendants face undeniable hardship absent a stay. Plaintiff simultaneously presses Defendants to respond to its Complaint in this District even as Plaintiff plans to file a new complaint upon consolidation in another District. *See* Augusta Action, ECF

No. 52, at 6, 10 (acknowledging that Plaintiff will file a consolidated amended complaint upon transfer in a brief signed by Plaintiff's counsel). Absent a stay, Defendants would be forced to expend significant resources moving to dismiss a complaint that Plaintiff has already made clear it does not intend to pursue. Defendants also may be subject to wasteful and duplicative discovery to the extent Plaintiff seeks discovery following any Rule 26(f) conference.

A short stay is necessary to avoid this hardship because of the looming deadlines. The deadline for Defendants' response to Plaintiff's complaint is February 9, 2026. ECF No. 28. The JPML likely will not decide the MDL Motion until after March 26, 2026. Requiring Defendants to respond to a complaint that Plaintiff has admitted is defunct or begin discovery in this Court when this case will likely not remain in this jurisdiction would impose unnecessary expense and obligations on Defendants. A stay is therefore warranted to avoid hardship to Defendants. *See Short*, 2019 WL 3067251, at *6–7 (holding that fast approaching deadlines necessitated a stay); *Premera*, 2025 WL 2675770, at *4 ("[A] stay will prevent duplicative litigation and allow this Court to delay ruling on any upcoming motions to dismiss until the MDL transfer dispute has been resolved.").

### C. A Stay Will Not Prejudice Plaintiff

Plaintiff will suffer no prejudice from a brief stay of proceedings pending the JPML's resolution of Defendants' MDL Motion. Plaintiff already plans to file an amended complaint, thereby making the current Complaint obsolete. Given the pending MDL Motion and motions to transfer in this Court and the District of New Jersey, Plaintiff's amended complaint will not be filed for several weeks, at the earliest.[4]

---

[4] A motion to stay is currently pending in the Roseland Action pending in the District of New Jersey and that complaint has the same deadline to respond as this Action. *See* Roseland Action, ECF No. 34.

A stay pending the JPML's decision will thus cause no additional delay. The JPML typically resolves transfer motions quickly. *See Gray*, 2014 WL 12600138, at *2 ("[T]he JPML is typically prompt in determining whether a transfer is appropriate.") (citing David F. Herr, Multidistrict Litigation Manual § 4:27 (2012 ed.)).[5] Given that the JPML hearing is scheduled for March 26, 2026—only eight weeks from now—a stay will have minimal impact on the progress of this action. Courts routinely find that plaintiffs will not be prejudiced when a stay will be limited to a few months and will remain in effect only until the JPML determines whether consolidation is appropriate. *See, e.g., Alves*, 2013 WL 5755465, at *3 ("Plaintiffs will suffer little prejudice if a four-to-six-month stay is imposed."); *Toikach v. Christian Dior, Inc.*, 2025 U.S. Dist. LEXIS 227088, at *2 (S.D.N.Y. Nov. 13, 2025) (granting a stay when "the hearing for consolidation will be 'relatively soon' and 'a short stay will not prejudice' any of the parties"); *Litchfield Co., LLC v. BP, P.L.C.*, 2010 WL 2802498, at *2 (D.S.C. July 14, 2010) (finding "delay of a few months," pending a JPML decision, "slight when compared to the hardship to the defendants and the interests of judicial economy").

Moreover, Plaintiff's own litigation choices undermine any claim of prejudice. Again, Plaintiff has filed a motion to transfer this case to the Eastern District of Wisconsin and already determined that it intends to file an amended, consolidated complaint with the other Pending Actions there. ECF No. 93. Any argument that Plaintiff would be prejudiced by a stay of such

---

[5] The current chair of the JPML, Judge Karen K. Caldwell, has stated that "[t]he JPML strives to issue its orders within two weeks of the hearing session." Karen Caldwell, *Inside the JPML*, Judicature (2024), https://judicature.duke.edu/articles/inside-the-jpml/. This practice is well-established. In a February 2010 interview, Judge John G. Heyburn II, the Chair of the JPML at the time, stated "[t]he Panel rules quickly, usually issuing all of its orders within two weeks of the hearing session." *Panel Promotes Just and Efficient Conduct of Litigation*, The Third Branch: Newsletter of the Federal Courts (Feb. 2010), https://www.jpml.uscourts.gov/sites/jpml/files/The%20Third%20Branch%20-%20February-2010-Heyburn%20Interview.pdf.

limited duration necessarily fails for two reasons: (1) Plaintiff no longer wants to litigate this Complaint or even litigate in this District. So, pausing proceedings pending resolution of motions to transfer, whether by Section 1407 or Section 1404, will not cause it prejudice.[6] And (2) Plaintiff's requested transfer itself will involve some delay. *See, e.g.*, *Outek Caribbean Distribs. Inc. v. Echo, Inc.*, 206 F. Supp. 2d 263, 269–70 (D.P.R. 2002) ("[T]ransferring the case to Illinois would almost certainly result in a delay."); *Melendez v. BP Oil Co., USA*, 2005 WL 3098353, at *3 (S.D. Tex. Nov. 18, 2005) ("Any transfer will produce some delay."). Indeed, as Plaintiff itself has pointed out in its motion to transfer this case to the Eastern District of Wisconsin, deadlines in the Wisconsin cases are stayed until March 12. *See* ECF No. 93-1, at 5. Plaintiff cannot have it both ways. It cannot seek transfer while opposing a brief stay that would facilitate it.

      Furthermore, the early posture of this case also diminishes any claim of prejudice. Defendants have yet to file a response to the Complaint, and no discovery has begun. *See Alves*, 2013 WL 5755465, at *7 (finding minimal prejudice to plaintiff because "there has been very little activity in this matter thus far," including no discovery or scheduling orders). The infancy of this case "minimizes any potential prejudice to the Plaintiff from a stay." *See Ali v. 7-Eleven, Inc.*, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022) (finding minimal prejudice to plaintiff when defendant had not even filed an answer). Given the early stage of the case, Plaintiff has expended minimal resources litigating this action. *See Kline v. Earl Stewart Holdings, LLC*, 2010 WL 3432824, at *1 (S.D. Fla. Aug. 30, 2010) (granting a stay where the action was "not procedurally advanced"). A brief stay, therefore, will not force Plaintiff to redo work.

---

[6] The JPML's resolution of the motion to transfer this and other actions to an MDL will likely impact the Court's consideration of Plaintiff's motion to transfer under Section 1404. *See* ECF No. 100, 101.

Finally, Plaintiff's claims are not time-sensitive. Here, Plaintiff does not allege any imminent harm from Defendants' alleged conspiracies, and its claims date back a decade. Plaintiff's claims lack the sort of imminent harm that would weigh against a stay. *See Short*, 2019 WL 3067251, at *2 (granting stay and finding that a brief two-to-three-month delay of proceedings imposed only minimal prejudice to plaintiffs even where the allegations involved vehicles with design and manufacturing defects that could cause vehicles "to suddenly stall at speed or to burst into flames"). A brief stay pending the JPML's decision will therefore not impair Plaintiff's ability to pursue or obtain a timely remedy.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court grant Defendants' motion and stay all proceedings, including, at a minimum, Defendants' deadlines to respond to the Complaint and any discovery deadlines, pending the JPML's decision on Defendants' MDL Motion.

January 27, 2026

Respectfully submitted,

/s/ *Joshua L. Solomon*
Joshua L. Solomon (BBO No. 657761)
Pollack Solomon Duffy LLP
31 St. James Avenue, Suite 830
Boston, MA 02116
(617) 439-9800
jsolomon@psdfirm.com

Ashley B. Eickhof*
Creighton J. Macy*
Baker & McKenzie LLP
815 Connecticut Avenue NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

8

*Counsel for Defendant Rosenbauer America, LLC*

*/s/ Shoba Pillay*
Shoba Pillay (BBO No. 659739)
Jacob P. Wentzel*
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
spillay@jenner.com
jwentzel@jenner.com

Reid Schar*
Jenner & Block LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack*
Jariel A. Rendell*
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

*Counsel for Defendants Oshkosh Corporation and Pierce Manufacturing, Inc.*

*/s/ Edmund Polubinski*
Edmund Polubinski (BBO No. 643548)
Arthur J. Burke*
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
edmund.polubinski@davispolk.com
arthur.burke@davispolk.com

9

Mari Grace*
Sean Stefanik*
Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendant REV Group, Inc.*

/s/ *Roy W. Bjorlin*
Roy W. Bjorlin (BBO No. 666704)
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5347
roy.bjorlin@wilsonelser.com

John P. Loringer*
Andrew Scarpace*
Marcella S. Spoto*
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com

*Counsel for Defendant Fire Apparatus Manufacturers' Association*

/s/ *Ed Duffy*
Ed Duffy*
Paul C. Cuomo*
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700
paul.cuomo@bakerbotts.com
ed.duffy@bakerbotts.com

                Jane E. Willis (BBO No. 568024)
                Kathryn Caldwell (BBO No. 682089)
                Daniel V. McCaughey (BBO No. 662037)
                ROPES & GRAY LLP
                800 Boylston Street
                Boston, MA 02199-3600
                (617) 951-7000
                jane.willis@ropesgray.com
                kathryn.caldwell@ropesgray.com
                daniel.mccaughey@ropesgray.com

*Counsel for AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC.*

*\*Pro hac vice*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on January 27, 2026.

                                                /s/ *Joshua L. Solomon*
                                                Joshua L. Solomon